**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**5:17CV27**

| | |
|---|---|
| **MONTY DALE ROGERS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| **NANCY A. BERRYHILL,** | ) |
| **Acting Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

This matter is before the Court on the parties' cross motions for summary judgment (# 15, 19). Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying his claim for disability benefits. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons set forth below, Plaintiff's motion for summary judgment is granted and the Commissioner's motion for summary judgment is denied.

**I.    Procedural Background**

On June 5, 2013, Plaintiff protectively-filed a Title II application for a period of disability and disability insurance benefits.[1] (Transcript of Administrative Record ("T.") 19.) On the same day, Plaintiff also filed a Title XVI application for supplemental security income ("SSI").[2] (T. 19.) In both applications, Plaintiff alleged a disability onset date of November 6, 2012. (T. 19.)

---

[1] In order to qualify for disability insurance benefits and a period of disability under sections 216(i) and 223 of the Social Security Act, a claimant must meet the insured status requirements of these sections, be under age 65, file an application for disability insurance benefits and a period of disability, and be under a "disability" as defined by the Social Security Act. 42 U.S.C. §§ 416(i), 423.

[2] In order to qualify for SSI payments under the Social Security Act for disability, a claimant must have income and resources not in excess of statutory-specified amounts, be under age 65, file an application for SSI, and have a "disability" as defined by the Social Security Act. 42 U.S.C. § 1382.

The Social Security Administration denied Plaintiff's claims initially on September 6, 2013, and the claims were denied upon reconsideration on December 16, 2013. (T. 19.) On December 19, 2013, Plaintiff filed a written request for a hearing. (T. 19.)

On September 3, 2015, an Administrative Law Judge ("ALJ") conducted a video hearing, which she presided over from Baltimore, Maryland. (T. 19.) Plaintiff appeared in Charlotte, North Carolina. (T. 19.) A vocational expert, George J. Starosta, also appeared at the hearing. (T. 19.)

On October 30, 2015, the ALJ denied Plaintiff's claims in a written decision. (T. 19-30.) Plaintiff requested a review of the ALJ's decision, and on December 7, 2016, the Appeals Council denied Plaintiff's request for review. (T. 1-3.)

On January 19, 2016, Plaintiff submitted an Appeal Brief in Support of Request for Review of Hearing Decision (T. 422-24), which raises many of the same issues as Plaintiff's post-hearing brief. The Appeals Council denied Plaintiff's request for review of the ALJ's October 30, 2015, decision. (T. 1-3.) The Appeals Council purportedly considered the Appeal Brief but summarily found that the information did not provide a basis upon which to change the ALJ's decision. (T. 1-5.)

The ALJ's October 30, 2015, decision became the final decision of the Commissioner. On February 3, 2017, Plaintiff filed the instant action seeking review of the Commissioner's final decision. See Compl. (# 1).

II.     **Standard for Determining Disability**

An individual is disabled for purposes of receiving disability payments if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); accord

2

Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Under the five-step sequential evaluation, the Commissioner must consider each of the following, in sequence: (1) whether the claimant has engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is sufficiently severe to meet or exceed the severity of one or more of the listing of impairments contained in Appendix 1 of 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to perform any other work considering his or her age, education, and residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520, 416.920; Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 653 n.1.

At the first two steps of the sequential evaluation, the burden is on the claimant to make the requisite showing. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If a claimant fails to satisfy his or her burden at either of these first two steps, the ALJ will determine that the claimant is not disabled and the process comes to an end. Mascio v. Colvin, 780 F.3d 632, 634-35 (4th Cir. 2015). The burden remains on the claimant at step three to demonstrate that the claimant's impairments satisfy a listed impairment and, thereby, establish disability. Monroe, 826 F.3d at 179.

If the claimant fails to satisfy his or her burden at step three, however, then the ALJ must still determine the claimant's RFC. Mascio, 780 F.3d at 635. After determining the claimant's RFC, the ALJ proceeds to step four in order to determine whether the claimant can perform his or her past relevant work. Id. The burden is on the claimant to demonstrate that he or she is unable to perform past work. Monroe, 826 F.3d at 180. If the ALJ determines that a claimant is not capable of performing past work, then the ALJ proceeds to step five. Mascio, 780 F.3d at 635.

At step five, the ALJ must determine whether the claimant can perform other work. Id. The burden rests with the Commissioner at step five to prove by a preponderance of the evidence that the claimant is capable of performing other work that exists in significant numbers in the national economy, taking into account the claimant's RFC, age, education, and work experience. Id.; Monroe, 826 F.3d at 180. Typically, the Commissioner satisfies her burden at step five through the use of the testimony of a vocational expert ("VE"), who offers testimony in response to a hypothetical question from the ALJ that incorporates the claimant's limitations. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180. If the Commissioner satisfies her burden at step five, then the ALJ will find that the claimant is not disabled and deny the application for disability benefits. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180.

## III.   The ALJ's Decision

In her October 30, 2015, decision, the ALJ ultimately concluded that Plaintiff was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. (T. 30.) In reaching this conclusion, the ALJ made the following specific findings:

(1)   The claimant meets the insured status requirements of the Social Security Act through June 30, 2017.

(2)   The claimant has not engaged in substantial gainful activity since November 6, 2012, the alleged onset date (20 C.F.R. §§ 404.1571 et seq., 416.971 et seq.).

(3)   The claimant has the following severe impairments: degenerative disc disease, hypertension, major depressive disorder, generalized anxiety disorder, post-traumatic stress disorder ("PTSD"), and polysubstance abuse (20 C.F.R. §§ 404.1520(c), 416.920(c)).

(4)   The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

(5)   The claimant has the RFC to perform light work as defined in 20 C.F.R.

4

§§ 404.1567(b) and 416.967(b), except that the claimant can lift and carry twenty pounds occasionally and ten pounds frequently; stand and walk for six of eight hours; and sit for six of eight hours. The claimant can occasionally push, pull, climb, balance, stoop, kneel, crouch, and crawl. He requires the option to sit or stand at will without leaving the workstation. He can perform simple, routine tasks that are not fast paced and do not involve strict production demands. He is limited to occasional contact with supervisors, coworkers, and the public. The claimant can perform low stress work, defined as occasional decision making and occasional changes in the work setting.

(6) The claimant is unable to perform any past relevant work[3] (20 C.F.R. §§ 404.1565, 416.965).

(7) The claimant was born on May 18, 1963, and he was 49 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently achieved age 50 and changed age category to closely approaching advanced age on May 17, 2013. (20 C.F.R. §§ 404.1563, 416.963).

(8) The claimant has at least a high school education, and he is able to communicate in English (20 C.F.R. §§ 404.1564, 416.964).

(9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

(10) Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform[4] (20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, and 416.969(a)).

(11) The claimant was not under a disability, as defined in the Social Security Act, at any time from November 6, 2012, through October 30, 2015, the date of the ALJ's decision (20 C.F.R. §§ 404.1520(g), 416.920(g)).

(T. 19-30.)

**IV. Standard of Review**

---

[3] The ALJ found that Plaintiff had past relevant work as an inside upholsterer and furniture upholsterer. (T. 28-29.)
[4] The VE opined that Plaintiff would be able to perform the requirements of the following representative jobs: (1) laundry folder, which has 21,000 jobs nationally; (2) linen sorter, which has 16,800 jobs nationally; (3) and garment packer, which has 12,000 jobs nationally. (T. 30.)

5

Title 42, United States Code, Section 405(g) provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review is limited in that the district court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); accord Monroe, 826 F.3d at 186. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig, 76 F.3d at 589 (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id.

When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the ALJ reached her decision based on the correct application of the law. Id.

**V.     Discussion**

In Plaintiff's sole argument, a broad assignment of error, he argues that the ALJ erred by relying on vocational testimony to fulfill the Commissioner's burden at step five without first addressing Plaintiff's post-hearing objections to this evidence. Pl.'s Mem. Supp. (# 16) at 4-12. Plaintiff concludes that the Commissioner's final decision should be reversed and remanded for a rehearing. Id. at 13. The Court agrees.

At the outset, the Court notes that the parties' briefs reflect they did not review the administrative record. In particular, this Court's reading of the administrative record revealed the

following: On May 30, 2015, attorney Katelyn Burke ("Burke") sent a letter to the Honorable Yvette N. Diamond ("ALJ Diamond"), designated as a "Prehearing Memorandum," which states, "**Mr. Rogers respectfully requests that the record be held open for 30 days post-hearing so that we may submit a post-hearing brief**." (T. 389) (emphasis added). The hearing had been scheduled for June 4, 2015. On June 2, 2015, attorney Burke made a pre-hearing objection to the VE testimony and included a request for a subpoena for the records upon which the vocational expert, Robert Lessne, would rely in presenting his testimony. (T. 392-94.) The hearing was cancelled or continued. Then, on August 25, 2015, Plaintiff, again, in writing, requested that the record be held open 30 days for the filing of a post-hearing brief for a hearing that was to take place on September 3, 2015. (T. 400.) The record does not show that Plaintiff sent a request for a subpoena or for prehearing disclosure of the data sources for the vocational expert that did testify at the September 3, 2015 hearing, Mr. George J. Starosta. As noted, on September 3, 2015, the ALJ conducted a video hearing. (T. 19.) Finally, on September 21, 2015, Plaintiff made objections to the VE's testimony in a post-hearing brief (T. 404-21). There is nothing in the record that shows the ALJ ruled on any of the Plaintiff objections, requests for information, or requests that the record be held open for submission of a post-hearing brief.

Plaintiff argues that the ALJ erred by failing to rule on his objections, which he contends is a violation of the Hearing, Appeals and Litigation Law Manual ("HALLEX") section I-2-5-55 (2015). Pl.'s Mem. Supp. (# 16) at 4. The Court recognizes that there is a Circuit split regarding whether HALLEX carries the force of law and is binding on the Commissioner. Compare Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000) (holding that because HALLEX does not have the force and effect of law, it is not binding on the Commissioner and allegations of noncompliance with the manual are not reviewable) with Newton v. Apfel, 209 F.3d 448, 459 (5th Cir. 2000)

7

(holding that a violation of HALLEX is only reversible error if the plaintiff can demonstrate prejudice resulting from the violation). The Fourth Circuit Court of Appeals has not addressed the issue. See Mack v. Colvin, No. 4:12-CV-03168-DCN, 2014 WL 1366030, at *4 (D. S.C. Mar. 20, 2014). In the Fourth Circuit, the persuasive authority among the District Courts holds that HALLEX lacks force of law. See e.g., King v. Berryhill, No. 3:17-CV-380-MOC, 2018 WL 709968, at *5 (W.D.N.C. Feb. 5, 2018) (holding that the HALLEX is an internal guidance tool that lacks force of law); Schrader v. Astrue, No. 3:12-CV-54, 2013 WL 1192315, at *3 (N.D.W.Va. Mar. 22, 2013) (recognizing that HALLEX is an internal Social Security Administration policy manual that does not impose judicially enforceable duties on either the ALJ or the court); Harris v. Astrue, No. 2:12-CV-45, 2012 WL 7785082, at *6 (N.D.W.Va. Nov. 30, 2012) ("Because HALLEX is an agency interpretation that lacks the force of law, this Court cannot force the Commissioner to follow it or provide a remedy to any claimant who avers that the Commissioner did not follow it."); Melvin v. Astrue, 602 F. Supp. 2d 694, 704 (E.D.N.C. Feb. 6, 2009) (HALLEX is an internal guidance tool; thus, it lacks the force of law).

The Commissioner argues that Plaintiff did not request additional time to present additional evidence or file a post-hearing brief. Comm'r's Mem. Supp. (# 20) at 5. As noted above, prior to the September 3, 2015, hearing, Plaintiff requested, on two occasions, that the record be left open for 30 days for the filing of a post-hearing brief. (T. 389, 400.) The Commissioner also argues that Plaintiff's post-hearing brief is meritless, id. at 7-10, but the Court concludes that is not a decision for this Court to make. Rather, on remand, the ALJ should address the merit of Plaintiff's post-hearing brief in the first instance. See Patterson v. Comm'r of Soc. Sec., 846 F.3d 656, 662-63 (4th Cir. 2017) (recognizing that the ALJ is in the best position to interpret evidence in the first instance and allow for further development of the record as needed). The ALJ shall also address

the issue of the reliability of the Dictionary of Occupational Titles as compared to the (O*NET).

## VI. Conclusion

In light of the foregoing, Plaintiff's motion for summary judgment (# 15) is GRANTED, and the case shall be remanded. The Commissioner's motion for summary judgment (# 19) is DENIED. The Court is disappointed with the lack of examination of the record by counsel and recommends in the future that each examine the record thoroughly before presenting briefs to the court that are unreliable and unsupported by the record.

Signed: March 13, 2018

*[signature]*

Dennis L. Howell
United States Magistrate Judge